**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Joshua Robert STARNES, Defendant— Appellant.**

**No. 11–30042.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 19, 2011.*

Filed Jan. 4, 2012.

Helen J. Brunner, Esquire, Brian Werner, Assistant U.S. Attorneys, Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Miriam F. Schwartz, Esquire, Assistant Federal Public Defender, FPDWA–Federal Public Defender's Office, Tacoma, WA, for Defendant–Appellant.

Before: GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

MEMORANDUM **

Joshua Robert Starnes appeals from the 180–month sentence imposed following his guilty-plea conviction for transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Starnes contends that the district court committed procedural error by relying on a clearly erroneous factual finding in selecting his sentence, and by failing adequately to consider and explain the 18 U.S.C. § 3553(a) sentencing factors. There was no procedural error because the district court's factual findings were supported by the record, *see United States v. Spangle,* 626 F.3d 488, 497 (9th Cir.2010), and because the district court's consideration and explanation of the relevant sentencing factors was sufficient to "communicate[ ] that the parties' arguments have been heard, and that a reasoned decision has been made," *United States v. Carty,* 520 F.3d 984, 992 (9th Cir.2008) (en banc).

Starnes also contends that his sentence is substantively unreasonable. In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, Starnes's below-Guidelines sentence is substantively reasonable. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). His contention that the sentence is unreasonable because the district court used the Guidelines range as an initial benchmark in selecting his sentence fails. *See United States v. Henderson,* 649 F.3d 955, 964 (9th Cir. 2011) ("[S]entencing courts must continue to consider the applicable Guidelines range as the starting point and the initial benchmark" in child pornography cases) (internal quotation marks and citation omitted).

**AFFIRMED.**